**Joseph Brown DYER, III,
Petitioner–Appellant,**

v.

**John IGNACIO, Frankie Sue Del Papa,
Respondents–Appellees.**

No. 00–15608.

D.C. No. CV–99–00241–ECR.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001 *.

Decided June 21, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, SILVERMAN and GOULD, Circuit Judges.

### MEMORANDUM **

Joseph Brown Dyer III appeals from the district court's dismissal of his 28 U.S.C. § 2254 habeas petition challenging his conviction for second degree murder and related assault charges. We have jurisdiction pursuant to 28 U.S.C. § 2253(a), and we affirm.

We review de novo the district court's denial of a 28 U.S.C. § 2254 habeas petition. See *Dows v. Wood*, 211 F.3d 480, 484 (9th Cir.2000). Because the AEDPA applies, *see* 28 U.S.C. § 2254(d), Dyer must demonstrate that the state court adjudication of the merits of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States ." 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000); *Van Tran v. Lindsey*, 212 F.3d 1143, 1153–54 (9th Cir.2000) *cert. denied* 531 U.S. 944, 121 S.Ct. 330, 148 L.Ed.2d 274 (2000) (defining "unreason-

able application" as involving situations where the state court has committed clear error).

Dyer contends the district court erred by determining that he could not show prejudice excusing the procedural default of his prosecutorial misconduct and exclusion of evidence claims. Dyer specifically asserts that the government failed to disclose that it had a plea agreement with an allegedly material witness prior to that witness's testimony. *Giglio v. United States*, 405 U.S. 150, 154–55, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972) (stating that when the reliability of a given witness may be determinative of guilt or innocence, the government's failure to disclose the existence of a plea agreement violates due process). Even assuming, without deciding, the existence of a plea agreement, Dyer cannot prove that he suffered any prejudice.

■ Where the credibility of a witness is potentially determinative of guilt or innocence failure to disclose evidence affecting the witness's credibility justifies a new trial. *Napue v. Illinois*, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). The materiality of a witness's testimony, however, must be examined in the total context of the events at trial. *United States v. Frady*, 456 U.S. 152, 169, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

■ At Dyer's trial, several witnesses, other than Haniuk, offered extensive testimony as to Dyer's motive, statement's admission, ownership of the murder weapon, attempts to hide evidence, and proximity in time and place to the crime. Conversely, the allegedly material witness was the sole witness whose account of events was by and large supportive of Dyer's theory of the case. We therefore cannot conclude

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

that such testimony, when considered along with that of the other witnesses, was material to Dyer's conviction. *Frady,* 456 U.S. at 169, 102 S.Ct. 1584. The district court properly determined that Dyer cannot show prejudice excusing his procedural default. *Id.* at 170, 102 S.Ct. 1584 (stating that a showing of prejudice requires a defendant show that errors at trial worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions").

AFFIRMED.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.